For reasons assigned, the judgment appealed from is affirmed.

PROVOSTY, J., being absent on account of illness, took no part.

———

(64 South. 716.)

No. 19,663.

DEAN v. LOUISIANA RY. & NAVIGATION CO.

(Dec. 1, 1913.    Rehearing Denied March 16, 1914.)

*(Syllabus by the Court.)*

CARRIERS (§ 325*)—INJURIES TO PASSENGER—CONTRIBUTORY NEGLIGENCE.

In a suit for damages for personal injuries, plaintiff cannot recover where the preponderance of evidence shows that he contributed towards the accident, resulting in the injury to himself.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. § 1348; Dec. Dig. § 325.*]

Appeal from Thirteenth Judicial District Court, Parish of Grant; W. F. Blackman, Judge.

Action by Albert McNeely Dean against the Louisiana Railway & Navigation Company, for personal injuries. From judgment for plaintiff, defendant appeals. Reversed, and ordered dismissed.

Wise, Randolph & Rendall, of Shreveport, and White & Thornton & Holloman, of Alexandria, for appellant. W. C. & J. B. Roberts, of Colfax, for appellee.

SOMMERVILLE, J.  Plaintiff, a passenger on one of defendant's cars, sues for damages for personal injuries sustained by him, and alleged to have been suffered because of the fault and neglect of the employés of defendant company.

Defendant files a general denial, and pleads negligence on the part of plaintiff.

There was judgment in favor of plaintiff and against defendant in the sum of $2,000; and defendant appeals.

Plaintiff is the only witness on his own behalf as to the cause of the injury of which he complains. He is contradicted in nearly all points by two witnesses for the defendant, who were in the employ of the defendant, and on the train, at the time of the accident to plaintiff.

Plaintiff testified that there was a third person, the porter of the train, who was also present, and who took part in the conversation just before the accident; but he is contradicted by the porter, who testifies that he took no part in such conversation. The fourth person in the coach was the conductor, who saw and heard nothing of what preceded the accident.

The preponderance of the evidence shows that the plaintiff and the express messenger, who also was the baggagemaster, were indulging in horse play, where the pistol, belonging to the express messenger, was being freely handled by the plaintiff and by the messenger. The evidence further shows that, when plaintiff returned the pistol to the

express messenger, it was accidently discharged while being put into the holster, which was hanging at the latter's side. It was then that a bullet struck plaintiff in the heel, which wound is the foundation of this suit.

In view of the fact that plaintiff was partly to blame for the injury to himself, he cannot recover from the defendant corporation for the injury which resulted from the carelessness of one of its employés. The plaintiff and all of the witnesses who testified for the defendant say that the discharge of the pistol and the wounding of plaintiff were due entirely to accident.

The judgment appealed from is annulled, avoided, and reversed; and it is further ordered, adjudged, and decreed that there be judgment in favor of defendant, dismissing plaintiff's demand, with costs.